

**COUNSELORS AT LAW**

**146 ROUTE 34**
**SUITE 325**
**HOLMDEL, NEW JERSEY 07733**

**(732) 476-2660     FAX (732) 946-7248**

INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

**ROSELAND OFFICE:**
**75 LIVINGSTON AVENUE**
**SUITE 301**
**ROSELAND, NJ 07068-3701**
**(973) 535-1600**
**FAX (973) 535-1698**

**WOODBRIDGE OFFICE:**
**P.O. BOX 5600**
**WOODBRIDGE, NJ 07095**
**DELIVERY ADDRESS:**
**METRO CORPORATE CAMPUS I**
**99 WOOD AVENUE SOUTH**
**ISELIN, NJ 08830**
**732-549-5600**

**CHRISTOPHER D. ADAMS**
**CHAIR, CRIMINAL DEFENSE & REGULATORY**
**COMPLIANCE GROUP**
**(732) 476-2692 - DIRECT DIAL**
**(732) 476-2693 - DIRECT FAX**
CADAMS@GREENBAUMLAW.COM

September 17, 2020

***VIA ECF***
Hon. Ann Marie Donio, U.S.M.J.
Mitchell H. Cohen Building
& U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

> **Re:     United States v. Andrew Drechsel**
> **Mag. No. 20-1044(AMD)**

Dear Judge Donio:

Please accept this letter in further support of the defense application for bail pending trial and in response to the Court's invitation to submit authority on the question of the validity of the government's proffer as it related to danger to the community.  The government suggests that an attorney proffer is acceptable.  It is not.

By way of background, the Court found during the September 11, 2020 hearing that the government did not meet its burden and failed to demonstrate by a preponderance of evidence that Mr. Drechsel poses a serious risk of flight that could not be addressed by a combination of conditions.  However, the Court reserved its decision as to whether Mr. Drechsel poses a danger to the community because of the nonspecific, vague allegations proffered in support of that prong.  The Court invited the parties to address whether such proffers are appropriate to establish dangerousness under 18 U.S.C. § 3142(g) by clear and convincing evidence.  They are not.

To be clear, the government proffered that the circumstances of the charges involving Victim 1 is evidence of Mr. Drechsel's danger to the community.[1]  When asked what evidence –

---

[1] It is questionable that even the facts related to the charges are enough to overcome the burden for danger to the community once the defense has met its burden of production, since an indictment or complaint are merely evidence of probable cause – a burden far less than clear and convincing evidence.  *See United States v. Suppa*, 799 F.2d 115 (3 Cir. 1986)(*citing United States v. Perry*, 788 f.2d 100 (3 Cir. 1986) and *United States v. Hurtado*, 779 f.2d 1467 (11 Cir. 1985).

6485538.2

Hon. Ann Marie Donio, U.S.M.J.
September 17, 2020
Page 2

other than that involving Victim 1 – the government can offer as a basis for a finding of danger to the community, nothing more but vague assertions were put forward.  First, the government proffered that it had identified "a number of other victims."  When pressed, it later clarified that "2-3 other victims" are identified on the electronic media retrieved during the search of Mr. Drechsel's home.  Finally, when the Court asked the government to commit, the government proffered that it has in its possession evidence of two other potential victims.  The government offered no other details except that the circumstances that make them "victims" is both age and consent, and the time frame involved is somewhere between 2010 and 2018.  Nothing else was proffered.[2]

As addressed in the initial moving papers, a defendant must be released on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community.  See 18 U.S.C. § 3142(c)(B).  If the government seeks detention based on a danger posed to the community by the defendant's release, it must prove this by clear and convincing evidence.  See United States v. Schenberger, 498 F. Supp. 2d 738, 740 (D.N.J. 2007).  When the defendant meets his burden of production, the burden shifts back to the government to prove dangerousness by clear and convincing evidence.  Perry, 788 F.2d at 114-15.

However, the government cannot meet its burden by merely proffering in this manner because such a proffer would not allow the Court to perform its statutory obligation to support a detention order.  See 18 U.S.C. § 3142(f) ("[t]he facts the judicial officer uses to support a finding  pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.").  See also United States v. Mantecon–Zayas, 949 F.2d 548, 551 (1st Cir. 1991).

In United States v. Robinson, 820 F.Supp.2d 146 (D. Mass. 2011), Magistrate Judge Collings in Massachusetts was faced with a situation to ours.  In that case, Mr. Robinson was charged with distributing cocaine base – an offense for which the rebuttable presumption of detention exists – and the government moved for detention.  820 F.Supp.2d at 149.  Similar to Mr. Drechsel, the defendant suggested at the hearing that he be released on electronic monitoring in the third-party custody of his mother.  Id.  Both his mother and sister were in the home ready to proceed.  Id.  As such, the court ruled that the defendant had met his burden of production to

---

[2]  Nothing contained in the pre-indictment discovery provided to defense counsel suggests additional victims.  As the Court directed during the hearing, the government disclosed 176MB of documents on September 14, 2020.  In all that information, however, there is only one reference to a number of images on digital media – eight to be exact – but Special Agent Rebecca Quinn does not mention anything in her 302 about them other than to categorize them as "possible minor females."  See USA001547.  Moreover, it appears that those images are of Victim 1 since they correspond with the items Victim 1 identified in USA001543.

Hon. Ann Marie Donio, U.S.M.J.
September 17, 2020
Page 3

overcome the presumption regarding flight.  Id.  In response, the government sought to meet its burden to establish that there is no condition or combination of conditions which will reasonably assure the defendant's presence and the safety of other persons and the community on the grounds of both danger and flight. Id.  However, the Government offered nothing other than an attorney proffer at the hearing and such a proffer was not enough to meet the clear and convincing evidence standard since, ultimately, it is the Court that must state with specificity its findings of the clear and convincing evidence to support detention.  Id. at 149-50.  Judge Collings reasoning is particularly instructive:

> The Government seeks the defendant's detention on the grounds of both danger and flight. However, the Government made a tactical decision at the detention hearing which, in effect, bars any detention of the defendant on dangerousness grounds.
>
> That decision was to offer no evidence but instead to proceed by "proffer." Although the statute, 18 U.S.C. § 3142(f), allows the defendant to "present information by proffer or otherwise," there is no provision permitting the Government to do the same but neither is there a prohibition against the Government going this route. In the instant case, counsel for the defendant did not object to the Government proceeding by way of proffer so the Court allowed it.
>
> The problem for the Government when it seeks detention of a defendant on dangerousness grounds and then proceeds only by way of proffer is a provision in the statute, 18 U.S.C. § 3142(f), which reads that "[t]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community *shall be supported by clear and convincing evidence*." (emphasis supplied). See United States v. Mantecon–Zayas, 949 F.2d 548, 551 (1st Cir., 1991). If the Government offers no evidence but merely proffers information, how can a Court's finding as to dangerousness ever be supported in the manner mandated by the statute?
>
> The major "facts" which the Government proffered on the issue of dangerousness were that the defendant is charged with selling crack cocaine and that the sale occurred at the mother's home at 80 Williams Avenue. Neither has been supported by clear and convincing evidence. The charge at this point is supported by no more than the Grand Jury's finding of probable cause. And the

6485538.2

Hon. Ann Marie Donio, U.S.M.J.
September 17, 2020
Page 4

> statement as to the precise address at which the crime occurred is supported by nothing more than the Assistant U.S. Attorney's statement to that effect since the Indictment only states that the crime occurred "at Lynn." *Further, in the absence of any evidence as to the actual commission of prior crimes, the mere fact of prior arrests not yet having led to convictions would be supported at most by probable cause.*

Id. (emphasis supplied).

In this case, the government relies almost exclusively on the facts of the complaint related to Victim 1.  Other than those Victim 1 related facts, the government has offered nothing other than an attorney proffer to overcome the burden to prove danger to the community by clear and convincing evidence.  Even if the government was to identify other uncharged conduct with some specificity through a proffer, it may be enough to overcome the risk of flight because that standard is merely by a preponderance of the evidence, but danger to the community is a clear and convincing evidence standard.  In many cases, the Court is faced with a defendant that has a prior history and those convictions can serve as a basis for danger to the community because they are proven at a higher standard.  Here, however, Mr. Drechsel has no prior contact with the criminal justice system.

Finally, the government has not formally charged Mr. Drechsel for this alleged "other" conduct, let alone offered any evidence to support it other than vague accusations.  This court should reject the proffered information in its entirety when considering Mr. Drechsel's release.

Accordingly, the defense respectfully requests that the Court release Mr. Drechsel on the proposed bail package.

Respectfully yours,

CHRISTOPHER D. ADAMS

cc:    AUSA Alisa Shver
       USPTS Officer Wayne Webb

6485538.2