USDC DNJ
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 17, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: VIDEO CONFERENCING AND | : | **THIRD EXTENSION** |
| TELECONFERENCING FOR CRIMINAL | : | **OF AMENDED** |
| PROCEEDINGS UNDER THE CARES ACT | : | **STANDING ORDER 2020-06** |

   **WHEREAS**, on March 13, 2020, a national emergency was declared under the National Emergency Act, 50 U.S.C. § 1601, *et. seq.*, in light of the COVID-19 pandemic;

   **WHEREAS**, on March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events during the course of the COVID-19 emergency, *see* The CARES Act, H.R. 748, pursuant to certain findings by the Judicial Conference of the United States;

   **WHEREAS**, on March 29, 2020, the Judicial Conference found that emergency conditions, consistent with the national emergency declared with respect to COVID–19, will materially affect the functioning of the federal courts ("Judicial Conference's finding"); and

   **WHEREAS**, on March 30, 2020, pursuant to Sections 15002(b)(1) and (b)(2) of the CARES Act, as Chief Judge, I found that criminal proceedings, and specifically, felony pleas and felony sentencings, could not be conducted in person without seriously jeopardizing public health and safety, and therefore entered Standing Order 2020-06, authorizing the use of video and telephone conferencing in criminal proceedings in conformance with the CARES Act; and

   **WHEREAS**, on April 2, 2020, Standing Order 2020-06 was amended to provide a reminder of the prohibition against photographing, recording, livestreaming on the internet and rebroadcasting of court proceedings, consistent with Rule 53 of the Federal Rules of Criminal Procedure; and

   **WHEREAS**, Section 15002(b)(3) of the CARES Act requires that the authorization of the use of video and telephone conferencing in criminal proceedings be reviewed at least once every 90 days to determine if it should be extended, based upon findings set forth in the CARES Act, and therefore, as Chief Judge, I determined on June 28, 2020, and again on September 23, 2020, that the authorization should be extended and entered the Extension of Amended Standing Order 2020-06 and the Second Extension of Amended Standing Order 2020-06, respectively; and

   **WHEREAS**, this Court's authorization of the use of video and telephone conferencing in criminal proceedings, in accordance with the CARES Act, is due to be reviewed anew within 90 days of the September 23, 2020 Second Extension of Amended Standing Order 2020-06, or by December 22, 2020; and

**WHEREAS,** New Jersey, and indeed, the entire United States, is currently suffering from a resurgence of COVID-19, resulting in marked increased rates of infection, and record numbers of new cases and deaths, and critically, statistics are expected to worsen due to upcoming holidays; and

**WHEREAS**, the findings outlined in the Second Extension of Amended Standing Order 2020-06, regarding enhanced risks of in-person proceedings to defendants, the population of detention centers, and to court participants, and regarding detention centers' policies requiring quarantining and limiting in-person meetings with legal counsel, have continued relevance in light of the resurgence; and

**WHEREAS**, due to the severity of the resurgence, this Court found it imperative to enter the Extension of Standing Order 2020-17, suspending all in-person proceedings in this District, including criminal proceedings, through January 31, 2021; and

**WHEREAS**, the availability of approved COVID-19 vaccines to those in detention centers, defendants' legal counsel, federal judiciary staff, employees of the United States Attorney's Office and the Federal Public Defender's Office, and others involved in criminal proceedings in this Court is as yet unknown; and

**WHEREAS**, the afore-mentioned national emergency declaration and the Judicial Conference's finding accordingly remain in effect; and

**WHEREAS**, I further find that the above-mentioned enhanced risks and conditions are expected to exist for all or substantially all of the period of time covered by this Order, and that video and teleconference proceedings held pursuant to the Court's prior Orders have been effective and have substantially furthered the ends of justice and have substantially avoided causing serious harm to the interests of justice, particularly as to the interests of the defendants who have consented to the same; and

**WHEREAS**, I, as Chief Judge, find, pursuant to Section 15002(b)(1) of the CARES Act, that due to the resurgence of COVID-19, criminal proceedings still cannot be conducted in person without seriously jeopardizing public health and safety, and that pursuant to Section 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure also cannot be conducted in person in this Court without seriously jeopardizing public health and safety; it is hereby

**ORDERED**, pursuant to Section 15002(b)(3) of the CARES Act, that the authorization in Amended Standing Order 2020-06 of the use of video and telephone conferencing in criminal proceedings is further extended for an additional 90 days from the date of this Order, unless this Order is terminated or vacated prior to such date according to the procedures set forth in the last paragraph of this Order; and it is further

**ORDERED** that, in lieu of personal appearance, and with the consent of the defendant after consultation with counsel, video conferencing, or telephone conferencing if video conferencing is not reasonably available, is continued to be authorized for all events listed in Section 15002(b) of the CARES Act, including the ten criminal proceedings enumerated in the Second Extension of Amended Standing Order 2020-06; and it is further

**ORDERED** that if a judge in an individual case finds, for specific reasons, that any felony plea or felony sentencing, or any equivalent plea and sentencing, as well as proceedings under the Federal Juvenile Delinquency Act, cannot be further delayed without serious harm to the interests of justice, then, with the consent of the defendant, or the juvenile, after consultation with counsel, the plea, sentencing or any equivalent proceeding, may be conducted by video conference, or by telephone conference if video conferencing is not reasonably available; and it is further

**ORDERED** that if, 90 days from the date of this Order, the emergency declaration remains in effect, along with the Judicial Conference's finding that the emergency conditions will materially affect the functioning of the federal courts, the Chief Judge shall review the authorization described in Amended Standing Order 2020-06 and determine whether it shall be further extended.  Pursuant to Section 15002(b)(3)(A) of the CARES Act, such review will occur at least once every 90 days, until the last day of the covered emergency period, or until the Chief Judge determines that the authorization is no longer warranted.  Should the above-referenced emergency declaration or the Judicial Conference's finding terminate or be revoked prior to the expiration of 90 days from the date of this Order, then this Order may then be vacated according to law.

DATED:  December 17, 2020

Hon. Freda L. Wolfson
U.S. Chief District Judge
District of New Jersey